IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PAUL LIAPIS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS III AND VI<br><br><br><br>Case No. 2:05-CR-95 TS |

Defendant has brought this Motion seeking to dismiss Counts III and VI of the Superseding Indictment.[1] Both Counts III and VI involve violations of 18 U.S.C. § 922(g)(9), which requires as an element, that Defendant be previously convicted of a misdemeanor crime of domestic violence. 18 U.S.C. § 921(a)(33)(A) provides that "the term 'misdemeanor crime of domestic violence' means an offense that–(i) is a misdemeanor under Federal or State law; and (ii) has, as an element, the use or attempted use of physical force, or threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the

---

[1] Defendant's Motion is entitled Motion to Dismiss Counts II and VI. The Court, however, believes that Defendant is actually referring to Count III, not Count II, since Count III alleges a violation of 18 U.S.C. § 922(g)(9) and Count II does not.

1

victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim."

In this case, Defendant was convicted in 1992 of battery in violation of Salt Lake City Code § 11.08.020.  The City Code provides that, in general, "[a]ny person convicted of violating any provision of the city ordinances codified, shall be guilty of a class B misdemeanor" with certain delineated exceptions.[2]

Defendant makes two arguments in his Motion to Dismiss.  First, Defendant argues that he was convicted of violating a city ordinance, not a federal or state law as is required under § 921(a)(33)(A).  Second, he argues that the underlying offense of battery does not require a relationship element—such as a domestic relationship—in order to be convicted.

Turning to Defendant's first argument, the Court finds that it is incorrect.  The Court is unable to find—and Defendant does not provide—any controlling case law which squarely addresses the issue of whether a conviction under a city ordinance is sufficient under § 921(a)(33)(A).  There are cases, however, in which a defendant's prior convictions have been violations of city or county ordinances.  In fact, a case from this District deals with a violation of the same city ordinance involved here.[3]  While the Court in *Thompson* did not specifically address the issue raised by Defendant in this

---

[2]Salt Lake City Code § 1.12.050.

[3]*United States v. Thompson*, 134 F.Supp.2d 1227, 1228 (D. Utah 2001).

case, the court did find Thompson's prior battery conviction in violation of Salt Lake City Code § 11.08.020, was sufficient under § 921(a)(33)(A).[4]

Further, municipalities are subdivisions of the State.[5] The State has given municipalities the authority to pass all ordinances necessary and proper to provide for the safety of the citizens and property of that city.[6] The State has also given municipalities the power to impose criminal penalties for violations of municipal ordinances.[7] Therefore, the Salt Lake City code can be considered a State law under § 922(a)(33)(A).

Defendant's second argument also fails. Defendant argues that his prior battery conviction is insufficient because a battery under the subject municipal code does not require a relationship element in order to be convicted. A number of courts have addressed arguments similar to the one made by Defendant here and the vast majority

---

[4] *Id.* at 1230–31.

[5] Utah Code Ann. § 10-1-201.

[6] *Id.* § 10-8-84.

[7] *Id.* § 10-3-703(1).

3

have rejected them.  The Federal,[8] D.C.,[9] First,[10] Second,[11] Fifth,[12] Eighth,[13] Ninth[14] and Eleventh[15] Circuits have concluded that while § 921(a)(33) requires the previous conviction to have the use of force as an element, that provision does not require the relationship aspect also to be an element.  The Tenth Circuit has not addressed this issue, but two courts within this District have.  Both Judge Kimball[16] and Judge Cassell[17] have concluded that § 921(a)(33) only requires the underlying offense to have force as an element.  Based on this overwhelming precedent, the Court rejects Defendant's argument.

Defendant's Motion to Dismiss Counts III and VI (Docket No. 46) is therefore DENIED.

---

[8] *See White v. Dep't of Justice*, 328 F.3d 1361 (Fed. Cir. 2003).

[9] *See United States v. Barnes*, 295 F.3d 1354 (D.C. Cir. 2002).

[10] *See United States v. Meade*, 175 F.3d 215 (1st Cir. 1999).

[11] *See United States v. Kavoukian*, 315 F.3d 139 (2d Cir. 2002).

[12] *See United States v. Shelton*, 325 F.3d 553 (5th Cir. 2003).

[13] *See United States v. Smith*, 171 F.3d 617 (8th Cir. 1999).

[14] *See United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003).

[15] *See United States v. Chavez*, 204 F.3d 1305 (11th Cir. 2000).

[16] *United States v. Thompson*, 134 F.Supp. 2d 1227, 1230 (D. Utah 2001).

[17] *United States v. Heckenliable*, 2005 WL 856389 *2 (D. Utah 2005).

DATED   November 15, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge